## No. 14,088.

## ELIAS A. PHARR vs. JOSPER GALL ET AL.

### SYLLABUS.

1. An instrument of writing, though *res inter alios acta,* may be admitted in evidence as part of the same transaction, or as a contemporaneous memorandum to be read in connection with the oral evidence.
2. As such document only goes in for what it is worth, and not as making full proof of the contract of the parties, its presence in the case cannot serve as ground for objection to parol evidence.
3. A vendee who has been evicted only on paper has no right of action on the warranty of the sale.

APPEAL from the Nineteenth Judicial District, Parish of Iberia— Foster, J.

*Thomas H. Thorpe* and *Andrew Thorpe,* for Plaintiff, Appellant.

*Broussard, Dulany & Broussard,* for Defendants, Appellees.

The opinion of the court was delivered by

PROVOSTY, J. This case was before us on exception of no cause of

action. See 104 La. 700, where a full statement of the petition will be found.

Plaintiff bought an undivided half of a lot of ground and of a saw-mill plant estblished on it and one-half of another lot of ground, of Jasper Gall, one of the defendants, with full warranty of title. The saw-mill sale was in 1878 and the other in 1882. The property belonged to the community of acquets and gains existing between the vendor and his wife. The wife died in 1888, and her heirs, who are the other defendants in the case, accepted her succession unconditionally. The property passed to plaintiff subject to a mortgage which Jasper Gall had consented both on it and on the remaining half, that is, on the property as a whole. In 1895, under a judgment which before the death of Mrs. Gall had been taken on this mortgage, the entire prop-erty was seized and advertised for sale. The heirs of Mrs. Gall, except the wife of plaintiff, sued out an injunction against the sale; but this injunction was withdrawn and the property went to sale. At the sale it was acquired by the agent of the seizing creditor, for :$9,400, and on the next day was sold to plaintiff by the same agent for $8,320.80, of which $3,000 cash, and the balance on credit secured by the reserve of vendor's privilege.

Plaintiff complains that he was evicted, and he brings this suit on the warranty.

Defendants claim that before the withdrawal of the injunction they and the plaintiff entered into an agreement by which plaintiff was to pay the mortgage debt and take the other half of the property; and that the injunction was withdrawn, and the sale was allowed to be made, and plaintiff became the purchaser, all in pursuance of this agreement; and that plaintiff was in point of fact not evicted.

The record leaves no doubt whatever in our minds as to the correct-ness of this contention of defendants; the only question is as to whether the objections of plaintiff to the reception of the evidence by which the agreement has been proved, should not have been sustained.

The chief of this objectionable evidence is the following document:

"State of Louisiana, Parish of Iberia,
"November 7, A. D. 1895.
"We, the undersigned heirs of Mrs. Francis Xavier Riggs, deceased,

wife of Jasper Gall, and said Jasper Gall personally, by these presents agree:

"That in order to settle the mortgage claim of Lucius D. Hopkins against Jasper Gall on the following described property, to-wit: Lot No. 4 of Square No. 5, and lots 2, 3 and 4 of Square No. 3, and lots 6, 7, 8 and 9 of Square No. 2, according to a plat made by F. G. Broussard, surveyor, dated November 8, 1868, which was mortgaged to Mrs. Jane Bendell, widow of Harry Hopkins, on the 30th day of June, A. D. 1883, by said Jaspar Gall, for the sum of four thousand dollars, money borrowed, and for which Jasper Gall subscribed his certain promissory note to the order of Mrs. James Bendell, widow of Harry Hopkins, with eight per cent. interest per annum from date, and which said note was transferred to said Lucius D. Hopkins, who obtained a judgment against said Jasper Gall, and which said judgment was sought to be enforced by the seizure of the saw-mill property and lands belonging therto as described in said act of mortgage fully heretofore mentioned herein, and now fully described per copy of act of mortgage hereto annexed, of which seizure of said property was enjoined. .

"They and each of them consent and agree to the withdrawal by their attorneys of the injunction suit pending against the execution of the property as described in the act of mortgage hereto annexed and specified herein.

"And they and each further consent that Elias A. Pharr should acquire full and complete title to the property fully described in the mortgage act hereto attached, upon his liquidating the debt due Lucius Hopkins, and that inasmuch as such judgment claim of Lucius D. Hopkins ranks first against said mortgaged property, they consent that said Elias A. Pharr should cause such legal steps to be taken as will give him legal title to the mortgaged property in question, and they and each of them release him or frees him from the judgment of any sum to them, either by them, or any except to Lucius D. Hopkins, including the necessary costs to liquidate the judgment against the said mortgaged property, the intent being that said Elias A. Pharr should acquire all title to the mortgaged property for which a judgment was obtained by Lucius D. Hopkins in so far as subscribers are concerned, it being well understood that Elias A. Pharr pays all costs accrued before and after seizure, and all costs that may be due or unpaid, and said Pharr to have the mortgaged property in question at

whatever sum he bid it in, whether above or below the amount said mortgaged property would sell for.

"And the said Pharr to settle all costs.

"(Signed)   AMELIA GALL,

"To assist and authorize my wife Elias A. Pharr.

"JASPER GALL.

"ALZEMA CURTIS.

"JOHN C. CURTIS.

"To authorize and assist my wife.

"SYLVANUS GALL.

"MARY LEMAIRE.

"LEON LEMAIRE.

"To aid and authorize my wife.

"CLARA P. YOUNG.

"To authorize and assist my wife.

"C. YOUNG."

The reception of this document in evidence was objected to on the ground that the document was *res inter alios acta,* the plaintiff not having been a party to the same except to authorize his wife.

We think the document was admissible as part of the circumstantial evidence in the case. The testimony is to the effect that a proposition was made to plaintiff and was accepted, and was afterwards embodied in this document, and the document handed to him for him to get his wife's signature thereto, and that he did so. The document not having been signed by plaintiff does not *proprio vigore* prove anything against him; but it is at least a contemporaneous memorandum, the accuracy of which he cannot well gainsay, and as such it was admissible, in connection with the oral testimony.

To the direct proof of the agreement by oral evidence plaintiff objected, on the ground of, " the agreement being in writing, admitted in evidence, and speaking for itself."

The agreement between plaintiff and defendants was not in writing, but was verbal; and, therefore, was provable by oral evidence. The "agreement in writing" referred to in this objection is the same agreement objected to above as having been *res inter alios acta.* There is presented here a dilemma; if this document is *res inter alios acta* it cannot stand as an obstacle in the way of other proof of the agreement between plaintiff and defendant; if, on the other hand, it is not *res*

*inter alios acta* but is the act of plaintiff, then there is an end of plaintiff's case.

The evidence was properly admitted, and it shows conclusively that plaintiff was evicted only on paper. If the eviction had been more serious plaintiff would hardly have to let five years and six months go by before bringing his suit.

It is therefore ordered, adjudged and decreed, that the judgment of the lower court be affirmed.

BREAUX, J., takes no part.

Rehearing refused.