[No. 7297. Decided August 17, 1908.]

## R. E. SHEPARD, *Respondent*, v. MINNEAPOLIS THRESHING MACHINE COMPANY, *Appellant*.[1]

EVIDENCE—SELF-SERVING DECLARATIONS—RES GESTAE. In an action by an agent for salary and expenses incurred in a European trip, a report of his trip, made upon his return at the home office, at the defendant's request, reviewed and accepted at the time by the defendant, is not inadmissible because containing self-serving declarations argumentatively pointing out the necessities of certain expenditures, but may be received as an incident between the parties contemporaneous with the trip in the nature of *res gestae* of the whole transaction.

APPEAL—REVIEW—VERDICTS. A verdict upon conflicting evidence will not be set aside if there is sufficient competent evidence to sustain it.

[1]Reported in 97 Pac. 57.

Appeal from a judgment of the superior court for Spokane county, Huneke, J., entered November 19, 1907, upon the verdict of a jury rendered in favor of the plaintiff, in an action on a contract of employment. Affirmed.

*J. D. Campbell* and *J. B. Campbell*, for appellant.
*John L. Dirks,* for respondent.

HADLEY, C. J.—This is a suit for the recovery of money claimed by the plaintiff from the defendant on account of unpaid salary and for advancements made for defendant's benefit. The defendant is engaged in the manufacture and sale of threshing machines, with its factory and principal office at Minneapolis, Minnesota, and with branch offices in different parts of the United States. A branch office is maintained in Spokane, in this state, and the plaintiff was employed under written contract as manager thereof, from January 1, 1904, to January 1, 1906, at the agreed salary of $125 per month and traveling expenses. In December, 1905, before the aforesaid contract expired, the defendant wrote the plaintiff at Spokane that it was not satisfied with the results of the Spokane branch, and suggested the alternative that the plaintiff should either remain at Spokane under a new arrangement or take other territory for defendant. Matters stood thus until some time in January, 1906, when the defendant wrote to plaintiff and asked him to take a trip to Turkey in behalf of the defendant, for the purpose of setting up and starting some machines which the company expected to ship to a customer in Constantinople. After some correspondence, this arrangement was carried out, and plaintiff made the trip to Europe and return.

It is the plaintiff's claim that it was orally agreed that he should receive a salary during the time of his European trip at the rate of $2,500 per year and necessary expenses, but the defendant alleges that no change was made in the amount of salary theretofore paid, and that the rate of $125 per

month still continued even during the foreign trip. This
suit, in its first cause of action, is to recover the balance of
the larger salary claimed by plaintiff during the time covered
by the trip abroad. The second cause of action is for the
amount of certain expense items of the trip which are in
dispute between the parties. A third cause of action is also
stated for the salary of plaintiff at the rate of $125 per
month from September 1, 1906, when plaintiff returned from
Europe, until January 1, 1907, during which time he says
he held himself in readiness to perform his part of his yearly
contract, which the company refused to carry out. Demand is
made in a fourth cause of action for $250 as the necessary
amount of expense for removing plaintiff and his effects back
to Minneapolis, from which place he came when he first came
to Spokane. The entire demand in the complaint amounts
to $1,316.90; but at the trial the court, by its instructions,
entirely eliminated from the consideration of the jury the last
cause of action mentioned above. The defendant by its
answer set up a counterclaim for advancements made to the
plaintiff, and alleged a balance of $390.30 as owing from the
plaintiff to the defendant in excess of all lawful demands in
favor of the former. After a trial before a jury, a verdict
was returned in plaintiff's favor for $259.70. Judgment
was entered for the amount of the verdict, and the defendant
has appealed.

The first assignment of error is that the court admitted in
evidence the respondent's·exhibit J. This consisted of an
elaborate written report prepared by respondent and handed
to the appellant after the return of the former from Europe.
It was an extended statement of details connected with the
trip and somewhat argumentatively pointed out the neces-
sity for certain expenditures in connection with the trip, in
order to effect the best service in the interests of the appel-
lant. In speaking of expenditures by way of showing cour-
tesies to the European customers, the report stated as fol-
lows:

"They claim that Garr. Scott's man, on his initiative trip there, spent over $500. I spent some, but not quite that bad. They did not think I was quite as rich as the Garr. Scott agent, but in all my experience with the people, I left them feeling pretty good, and spent what money I thought in my judgment was to the best interests of the company. A man ought to have an allowance of two or three hundred dollars to make a trip of that kind. That will cover perhaps, shortages, loss of money, and tips."

Appellant's objection to the document as evidence is that it was prepared by the respondent and was self-serving; that the statement concerning the amount spent by Garr. Scott's man was hearsay, and probably influenced the jury to believe that the respondent had a right to recover on account of the shortage on his European trip. This report was prepared by respondent at appellant's request when the respondent returned from Europe, and when he was at the home office in Minneapolis. It was considered in detail at that time by appellant's officers and respondent, who reviewed it together. It was really made by a servant in compliance with his employer's directions, while acting in the line of his duties. It was not objected to by appellant at the time, but was apparently accepted without question, and nothing occurred to indicate that any objection would ever be made to it. Under such circumstances it cannot be said that it was prepared with a purely self-serving motive. It was a mere incident between the two parties, which was contemporaneous with the European trip—became, in fact, a part of it—was in the nature of a part of the *res gestae* of the whole transaction between the parties on that subject, and as such was admissible in evidence. *Dormitzer v. German Savings & Loan Soc.*, 23 Wash. 132, 62 Pac. 862. *Callihan v. Washington Water Power Co.*, 27 Wash. 154, 67 Pac. 697, 91 Am. St. 829, 56 L. R. A. 772.

"An instrument of writing, though *res inter alios acta*, may be admitted in evidence as a part of the transaction in controversy or as a contemporaneous memorandum to be read in connection with the oral evidence." 24 Am. & Eng. Ency.

Law (2d ed.), 688, citing *Pharr v. Gall*, 108 La. 307, 32 South. 418, where it said:

"The reception of this document in evidence was objected to on the ground that the document was *res inter alios acta,* the plaintiff not having been a party to the same except to authorize his wife. We think the document was admissible as part of the circumstantial evidence in the case. The testimony is to the effect that a proposition was made to plaintiff and was accepted, and was afterwards embodied in this document, and the document handed to him for him to get his wife's signature thereto, and that he did so. The document not having been signed by plaintiff does not *proprio vigore* prove anything against him; but it is at least a contemporaneous memorandum, the accuracy of which he cannot well gainsay, and as such it was admissible, in connection with the oral testimony."

It is assigned that it was error to deny a new trial. In support of this assignment it is contended that the evidence was insufficient to justify the verdict. We have read the entire statement of facts and, while the evidence of the parties was much at variance and materially conflicted, yet there was sufficient competent evidence to sustain the verdict, and we shall, therefore, not disturb it.

The judgment is affirmed.

FULLERTON, CROW, ROOT, and MOUNT, JJ., concur.